THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Frieda H. Dortch, Appellant,

v.

City of Columbia Planning & Development Services/Zoning Division, Respondent.

Appellate Case No. 2013-002686

———————

Appeal From Richland County
James R. Barber, III, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-535
Heard June 9, 2015 – Filed November 25, 2015

———————

**REMANDED**

———————

M. Baron Stanton, of Stanton Law Offices, P.A., of Columbia, for Appellant.

Peter M. Balthazor, of the Office of the City Attorney, of Columbia, for Respondent.

———————

**PER CURIAM:**  Appellant Frieda H. Dortch argues the circuit court erred in dismissing her appeal from the City of Columbia Board of Zoning Appeals (BZA). Specifically, Dortch argues (1) the doctrine of res judicata cannot be asserted for

the first time on appeal; (2) the lack of finality and a determination on the merits in the first proceeding precludes the defense of res judicata from being raised in the second proceeding; and (3) res judicata was not applicable to the first proceeding because she was not given a full and fair opportunity to litigate her claim.

On May 14, 2008, Dortch filed an application with the City of Columbia Planning and Development Services/Zoning Division (Respondent), seeking "grandfather status" for the nonconforming use of a vacant duplex on the subject property (subject property). The Zoning Administrator denied this request, and Dortch applied for administrative review of the Administrator's determination. After a hearing on September 9, 2008, the BZA denied the application in a written decision dated January 16, 2009. Concurrently, on June 11, 2008, Dortch filed an application for a variance from the lot size requirement for a dwelling unit in order to "[re]establish a duplex" on the subject property. After a full hearing on the merits on July 8, 2008, the BZA denied the application for a variance in a written decision, which was also dated January 16, 2009. Both parties acknowledge the two decisions were postmarked on January 22, 2009.

On February 24, 2009, Dortch, acting pro se, filed an appeal with the circuit court from the two 2009 decisions. Dortch then filed an amended petition of appeal along with a supporting affidavit on February 26, 2010.[1] Respondent filed a motion to dismiss on April 15, 2010. By order dated September 1, 2010 (2010 Order), the circuit court dismissed the appeal, finding Dortch's February 24, 2009 appeal had been untimely filed. On September 17, 2010, Dortch filed a motion to reconsider the 2010 Order.[2] The circuit court has not ruled on this motion to reconsider.

Dortch filed another application for a variance regarding the same property on November 14, 2012. On February 8, 2013, after obtaining counsel, Dortch amended her November 14, 2012 application. After a hearing on February 12, 2013, the BZA denied the application in a written decision dated March 12, 2013.

---

[1] Respondent did not receive notice of Dortch's appeal until being served with the amended petition on February 26, 2010.

[2] Both parties acknowledge that Dortch filed a motion to reconsider from the 2010 order; however, the motion itself is not in the record. Copies of the September 17, 2010 motion enclosure letter from Dortch's counsel (also copied to the trial judge) and the twenty-five dollar motion fee check are in the record.

Dortch again sought circuit court review, appealing the BZA decision on April 11, 2013. On April 30, 2013, Respondent moved to dismiss the appeal to circuit court on the grounds of res judicata and collateral estoppel. After a hearing on the matter, the circuit court dismissed the appeal by order dated August 19, 2013, holding Dortch's appeal was barred by the doctrine of res judicata. Dortch filed a motion to reconsider the circuit court's dismissal of the appeal on September 23, 2013, which the circuit court denied on October 15, 2013. This appeal followed.

We remand for a ruling on Dortch's motion to reconsider the 2010 Order pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 6-29-820(A) (Supp. 2014) (stating, in pertinent part, that appeals from local zoning boards "must be filed within thirty days after the decision of the board is mailed"); Rule 6(e), SCRCP ("Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail or upon a person designated by statute to accept service, five days shall be added to the prescribed period."); Rule 74, SCRCP ("The proceedings in the circuit court shall be in accordance with these rules . . . ."); *Vulcan Materials Co. v. Greenville Cty. Bd. of Zoning Appeals*, 342 S.C. 480, 491, 536 S.E.2d 892, 897–98 (Ct. App. 2000) (holding Vulcan's appeal to the circuit court timely after analyzing both § 6-29-820 (Supp. 1999) and its predecessor, § 6-7-750 (1970)).

**REMANDED.**

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**